We have some motions pending. I think there's a motion to dismiss the appeal. I think that motion will be granted. There is then a motion on sanctions. We are interested in hearing discussion of the procedural issues relating to the sanctions motion. I believe that your recommendation is that we refer it to the district court. Your opponent's recommendation is that we retain the motion, at least to the extent that it applies to conduct in the court of appeals. The court's interested in hearing discussion on the procedures in general, how you each side feels we should proceed with the motion for sanctions. We don't intend to discuss the merits of the motion for sanctions today, except to the extent that it may be necessary for the procedural discussion. So if we could proceed with the discussion on that question of how do we deal from here with the sanctions motion. Thank you very much, Your Honor. May it please the Court, Howard Miller appearing for the appellants, Franco et al. I'd like to reserve five minutes for rebuttal if we can. Let me just say also, as I understand it, the parties that would be subject to the sanctions motion would be each of the two law firms and two attorneys from each firm. That would be the subjects of the sanctions motion. I believe they could all be the subjects. It depends whether it's under Rule 38 or goes to Rule 46 and 28 U.S.C. 1927. Okay. But I think the scope of the motion sanctions does encompass all of the other two motions. Okay. And I think if I may, Your Honor, that with the case at this stage, the Court is owed an explanation, and I also would add an apology for why this case is here at this stage before the Court and why, as the appellees properly indicated 48 hours before the hearing, that a motion to dismiss was filed. I had not been involved in this matter. I hadn't appeared. I hadn't signed anything. I say that not by way of exculpation, but by way of explanation. And I was called in the middle of last week to appear and argue the appeal. I, of course, responded. Your name's on the briefs. It is on the pleadings. That's why I say it's not by way of exculpation. It's simply by way of explanation for why the motion was not filed. My name was on the pleadings, and I understand the obligations that that implies. I simply want the Court factually to know what happened, and that's why I expressly say not by way of exculpation. I said yes. I filed a notice of appearance. And then for the first time, I personally saw the motion for sanctions and the papers in this case. I immediately recommended that the appeal be dismissed. That recommendation took two days to be discussed. Over the weekend, I called Mr. Ogden Monday, told him that, discussed the procedure, made clear to him that we were not seeking dismissal as a way to avoid the issues raised by the sanctions motions, but simply because we thought the appeal should appropriately be dismissed. He responded. I also thought appropriately. They had no objection to the dismissal, but thought the Court here should hear some of these issues. The reason I think it is appropriate procedurally to have a fuller hearing on this is because I believe the serious issues raised here involve facts that are not before the Court. What little I've been able to find out so far indicates to me that it would be appropriate to have a full factual hearing on what happened in this case. And I think the appropriate place to have that full factual hearing regarding all the sanction motions is the district court. The district court is intimately familiar with this case. The same issues, factual issues, are raised with regard to what occurred in the district court, as well as with regard to what occurred in the appellate court. And I think it would be appropriate for that court to hear all these issues. The court may want to remand and ask simply for a recommendation on the appellate sanctions, or if any. Or to indicate the district court can do it. In asking this, I again want to be clear to the court, I'm not seeking any tactical advantage on behalf of anyone. It's not clear to me what a full hearing would finally develop. It might develop factors that lead to an increase in sanctions, as well as to a defense of the sanctions. I simply think that procedurally, given where we are and what has happened in this case, that it's appropriate to have that full factual hearing and the appropriate place to have it is in the trial court. Kagan. Do you think – there are sort of two separate questions here, legal questions or practical questions. One is where we have held factual hearing. That could be in the district court. It could also be here. It could be here before the appellate commissioner. It could be here before this panel. So we could, in various ways, structure a single factual hearing. Then the next question is who imposes the sanctions. Does the district court have the authority to impose sanctions under Rule 38? I don't know. That's why I said the court might simply ask for a recommendation and have it come back. The way – I think the critical part for us is to have some factual hearing so we can get into this and find out what happened. I think that is the essential procedural part here. Whether it goes to the district court with a remand and a recommendation, whether there's some other factual, whether there's some other procedural device that permits one factual hearing to be held, is far less important in terms of what I'm urging than the opportunity to have a full factual hearing. Do you have a preference for the district court as opposed to having this panel conducted, for example? No. I just think – I only did that because I thought the panel would want, given the scope of the factual hearing, to have it be done by someone other than the three-judge panel. There's no preference one way or another. The critical point here for us is to have a full factual hearing. And I assume you want to have only one factual hearing. Yes, only one. That's what I'd like to avoid, is having – that's why I objected to the partial hearing and back to the district court for the Rule 11. All right. Well, thank you, Mr. Miller. Thank you very much. May it please the Court. My name is Chris Landau, and I'm here this morning on behalf of the appellees. The issues, obviously, as Your Honor recognized at the outset now, are very narrow. The appeal is gone on the merits. And the only – and the plaintiffs' appellants have agreed that this case should be remanded to the district court. And the only issue in play right now in dispute between the parties is whether there's any basis for this Court to keep some limited jurisdiction to consider sanctions for the offense in this Court, for the representations in this Court. Well, the hearing could be conducted either place, either in the district court or in this court. Do you have a preference? Well, Your Honor, I think there really is a basis for two hearings, because I think there are distinct offenses. Well, it's pretty much the same offense committed in two different courts if it's committed. Well, Your Honor, again, I think the Cooter and Gale case seems to me to be the most closely on point case regarding sanctions, because in that case, there was a question whether somebody could be sanctioned under Rule 11 for their conduct in the appellate court, and the Supreme Court said, no, the way the rules really work is that Rule 11 governs what you've done. I'm not talking about who can impose the sanctions. I'm talking about if you have to have a factual hearing, is it necessary to have two factual hearings, or can both courts take advantage of a single factual hearing? Your Honor, on that, to answer your question specifically, I don't think two factual hearings are really necessary in the sense that I don't think really there are facts that are really in dispute at this point. I mean, they have said in their blue brief that you have in front of you the writ that the Nicaraguan court corrected the parties in the writ of execution. That was their theory in the district court. It's their theory in this court until we caught them red-handed that they had the writ, and there's just no question about that. So I guess it's not clear what facts remain in dispute. Scalia. Well, for example, let's assume for the moment the best possible case for your side of the sanctions dispute. Even if that were correct, you've got six parties here, or are you going to limit your request for sanctions to one person? I think that's a fair point, Your Honor. I think — At least there's that question of who should be sanctioned, assuming the purpose of argument, the rest of it. Fair enough, Your Honor. And I think for that, I think Judge Berzon pointed out a minute ago that the — this Court has a procedure. I believe this circuit may be unique among the circuits in having an appellate commissioner who, under Rule 46-2 of this Court's rules, is empowered to hold hearings on these things. I think Rule 46-2 really does provide the lowdown. It's a pretty big circuit to be able to have your own commissioner. The circuit is unique in many ways. One of the advantages of having a large circuit. And I've got to say, I mean, this — You just remember that when you go back to Washington. Fair enough. I'll pass it along, Your Honor. But Rule 46 — I'm sorry. Rule 46-2b, this is Circuit Rule 46-2b, says, The chief judge or a panel of judges may initiate disciplinary proceedings based on conduct before this Court by issuing an order to show cause under this rule that identifies the basis for imposing discipline. I guess maybe we should step back for a second from the procedure and just get to substances a second. I would submit, and we do submit at police, that the appropriate sanction here is attorney's fees and costs for the appeal. This is a sanction from this Court and a reference to the appellate commissioner for appropriate disciplinary proceedings for the offense against this circuit. And so those are the sanctions that we believe are appropriate. I guess the one thing that I would like — I would like certainly not to avoid, Your Honors are obviously very familiar with the factual record, is we're talking all about these procedures in a very bloodless kind of academic way, and I think Mr. Miller very wisely deflected all of the conduct and seemed like the voice of reason to say, one hearing, let's just get it out of this Court, get it away from you all as quickly as possible. Well, he said he didn't care whether it was this Court or the district court. He's not trying to avoid this Court particularly. It does seem to me that there's an advantage to everyone to have one hearing and have a factual record that covers the entire subject, and then each court can act on the basis of that factual record. What's the objection to that? Well, Your Honor, again, we certainly want to do the reasonable thing. We do not want to multiply the proceedings before this Court. If this Court believes that that is the most reasonable way to proceed, you know, I certainly — we're not going to stand in the way of doing something reasonable. No, if there's a legal objection to it or, you know, a problem created by it, we'd like to know. Well, I — If there isn't a legal problem, then I think that's correct. I guess this — I guess, you know, the — Or a practical problem. Well, I suppose the issue is our opposite — or our limited objection to their motion really pointed out that they had said in their motion that it should be remanded for the district court to consider Rule 38 sanctions. That, I think, is a legal and a practical problem, that the district court simply isn't the one that is in charge of policing litigants' conduct in the court of appeals. So I do think ultimately — and I'm not necessarily disagreeing with Your Honor's position. I'm just trying to sort through the complications here. I do think that at the end of the day, this Court has the power and the responsibility and the duty to police its own proceedings. Now, of course, that can be on a factual record that is established in this Court or it can be on one established in the district court. I'm not sure that it really — it seems to me that the offense in this Court really is distinct. I mean, you have to look at this in terms of what representations were made. The district court judge was Judge Minella. Is that right? Yes, Your Honor. Is she — and is she also the judge in the case in which the document in question was ultimately produced? Yes, Your Honor. That's the — So there's a record in that case that is arguably pertinent to this. I am not sure that the record in that case is really — It's referenced in your motion in terms of how it came about and the fact that there were — there were discovery motions and there was a resistance to producing it and so on. That's true, Your Honor. I mean, certainly it came to light in the related case that is pending before Judge Minella. I'm not sure that any fact-finding that she would do with respect to — again, I don't think there really is much of an issue of fact with respect to who knew what when, because let's just go back for a second to the complaint that they filed. Well, you're talking about six separate parties. Contempt is an individual matter. There clearly is a question of who knew what when. Not all six parties knew everything at the same time, if at all. Well, Your Honor, I'm not sure that — Unless — maybe I should ask you now. Are you proposing to limit the sanction inquiry to a smaller group than that six? Your Honor, it seems to me when you have your name on a brief, and in this case — Just tell me, are you asking for sanctions against all six? I think sanctions against all six would be appropriate because all six — Two lawyers from each firm and the firm itself put their name on the brief, and it seems to me when you make an outright factual misrepresentation — Your answer is yes. You're asking — we're trying to avoid the merits at the moment. You're seeking sanctions against all six, and you're saying that the facts are so clear as to each of the six? Your Honor, I think each of the six knew or should have known when the brief had — that they put their name on had a factual assertion. And maybe this — again, so far, we've only been — we've kind of come at this whole thing backwards, looking at it just from a sanctions point of view. I guess probably we're getting too much into the facts, but, I mean, it's very hard for me to understand the argument. And if there were some deception in a document that everybody whose name is on the brief from two firms necessarily should have known about that, what that document actually says. Your Honor, I hear what you're saying, Your Honor, and I guess the only point would be this was the central issue in the case. I think this would be one thing if this — if the issue here were some stray statement. This is what the whole case has been about since they first — since we removed the federal court and they filed a motion to remand, and they said, oh, no, the writ of execution, the Nicaraguan court corrected the judgment in the writ of execution, which we've attached. It incorporates the judgment in Hike-Verba. So this is something that, it seems to me, if ever there was a case where the whole basis for what's in that brief — Why — and there must be an explanation for this, but why couldn't you just have gone to the court in Nicaragua and gotten a copy of this and made a complaint and filed it? The Nicaraguan procedure, Your Honor, is that we did have the judgment, but the writ of execution is something that is given ex parte to the party who wanted to execute. It's not filed. It's not any — it's not publicly available. That's correct, Your Honor. Otherwise, obviously, that we would have done that. And we asked them for that. Executive Record 382 is their response is a letter responding to our request, to Dole's request, for the original notary affidavit in the district court. And they say, well, it was the thing that was — not the original notary affidavit, the original writ of execution. And their response was that was what was attached to the complaint. So, again, just to clarify our position, Your Honor — Well, we have to say you don't think there's a factual hearing necessary. Assume that there — that we disagree and that we think there is a factual hearing. I — my impression is you would be satisfied with having that. If it were to be held in one forum or the other, you would be satisfied with having it in the district court. I think it's — again, I would think that this Court should retain some kind of jurisdiction for the offenses committed in this court. I'm only talking about the factual hearing, not about — not about anything more than where a hearing is conducted. That's fine, Your Honor. Again, I think it's fine to remand to determine who is responsible. Going back to your question, Your Honor, again, I think this is getting more into the mechanics, and I don't want to lose sight of the forest for the trees here. I mean, we don't have a problem. We actually suggested a remand to the district court for a factual hearing. But I do think it should be clear that the issues at this point are, for the factual hearing, is who is liable. In other words, just as you were raising, Judge Reinhart, the answer of if it's one of the six or if it's going to be all of them, and how much they have to pay. But it seems to us that this Court should either expressly say sanctions are warranted or at least lay out its concerns and the issues to be addressed in the remand to give — to give some — to give some focus to that. Because — Otherwise Judge Monell might get lost. Well, I don't know. Judge Monell is obviously an excellent — She's not going to be able to figure it out, right? Well, Your Honor, I guess the one thing, I think in this Court, again, it's not — it seems quite clear that a sanctionable event has occurred. And I guess it seems to us that at least all the effort that's been put into this so far, at least we should all be able to agree on that. They're not even really disputing that. I guess I'd like to kind of — Well, they're suggesting there may be an explanation. And off the top, I can't figure out what the explanation is. But, I mean, if we're going to have a hearing, I don't know why we would preclude them from offering one. The — Judge Monell, although she didn't have this document, fairly much intuited it. So she's at least as concerned about this whole issue as we are. And there's no reason to think that she's not going to understand perfectly well what's going on. I have nothing but the utmost respect for Judge Monell. I certainly didn't intend to suggest otherwise. And I think that that's entirely appropriate. I guess I just would urge this Court to not lose sight of the gravity of this. These are not, Ken, issues of gray, it seems to me. I mean, obviously, Your Honors have a great wealth of experience on the bench. These are — and you've seen a lot of things come and go. We didn't bring the sanctions motion lightly. It's obviously not something that is — judges like to see and get involved in, particularly at the appellate level. And we understand that perfectly well. This just seems so far beyond the pale. And it was somewhat breathtaking, to put it lightly, when the response to our sanctions motion was to get a sanctions motion back from the other side in a rather defiant tone, accusatory tone towards us. Their tune obviously changed when this Court denied their sanctions motion summarily and carried ours with it. But there's a sense at which they're pulling the plug on the appeal 40 hours beforehand and trying to just say, well, let's get rid of this case, sanction it. I hope the gravity of the situation isn't lost in what now looks like a lot of procedural bickering over, you know, is it the appellate commissioner, is it Judge Minella? Because at the end of the day, this is what all of us are trying to do. And I don't come here to sermonize, obviously. But I think this is something that should trouble not only litigants and it's not only the front against us, but with all respect, I think it's an affront against this Court and an affront against Judge Minella. I think Your Honors understand that. And I think you understand. We've just tried to be helpful in explaining how you might try and identify the distinct offense that was committed against this Court versus the offense before the district court. But however you best think discipline is served, we'll be grateful to you for how you handle it. Thank you, counsel. Mr. Miller, do you have a comment? Just for a moment, Your Honor. I think the very gravity with which counsel states the issues here calls for a full factual hearing. We are open to a factual hearing before any individual or body that the Court wishes. There are a different variety of sanctions that have been raised, at least five different ones, FRAP 38 and 46, and 28 U.S.C. 1912, 27, and Rule 11. And I think for each of those considerations, we need a consistent factual finding. I have never from the moment I got involved sought in any way to avoid the sanctions motions. I made clear with the initial call that the dismissal was not connected to any desire to avoid the sanctions motion. And I will say personally, I am as interested in having a full hearing on this matter as any other party or any member of the Court. And so I urge the Court to have a single hearing, and then when we get the factual hearing, we will be able to deal with what each Court considers the appropriate response should be. Thank you very much, Mr. Miller. Thank you, counsel. That case will be submitted or the motion will be submitted. And we'll take a brief recess before the final case of the morning.
judges: Reinhardt, Kozinski, Berzon